United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 7, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

—————————

No. 05-10969
Summary Calendar

—————————

L. DWAINE LORD,

                              Plaintiff - Appellee,

                         v.

DAVID LARSEN; ET AL.,

                              Defendants,

DAVID LARSEN,

                              Defendant - Appellant.

—————————

Appeal from the United States District Court
for the Northern District of Texas
3:02-CV-1636

—————————

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     David Larsen, the Appellant, is accused of committing several

torts in relation to the search of the residence of L. Dwaine Lord,

the Appellee.  Larsen, a former police officer, filed this

———————————

     [*]   Pursuant to 5TH CIR. R. 47.5, this Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

interlocutory appeal asking for a reversal of the district court's decision denying him qualified immunity. We have no jurisdiction to hear the appeal. Therefore, it is DISMISSED.

The denial of a motion for summary judgment is generally not a final, appealable order. A district court's denial of qualified immunity, however, in some instances falls within the collateral order doctrine allowing for an interlocutory appeal. *Michalik v. Hermann*, 422 F.3d 252, 257 (5th Cir. 2005). Jurisdiction to hear such an appeal only exists when the question turns on an issue of law. *Johnson v. Jones*, 515 U.S. 304, 313–18 (1995). There is no jurisdiction when a district court's denial of qualified immunity is based on a finding that genuine issues of material fact exist. *Id.; Michalik*, 422 F.3d at 257.

In this case, the district court denied Larsen's motion for summary judgment on the grounds that genuine issues of material fact prevented the court from granting qualified immunity. Therefore, under *Johnson* and its progeny we have no jurisdiction to hear this appeal.[1]

The district court opinion focused on Larsen's actions in obtaining a warrant to search Lord's residence and does not address

---

[1]Larsen's reliance on *Lemoine v. New Horizons Ranch & Center, Inc.*, 174 F.3d 629, 634 (5th Cir. 1999), fails to overcome *Johnson*. In *Lemoine*, we held that jurisdiction exists for determining if disputed facts are material. While the Appellant claims to limit his argument to the materiality of the facts, the effect of his appeal is a request to weigh the disputed evidence. That is something this Court cannot do.

the execution of the warrant.  Larsen argues that this was error and that he is entitled to qualified immunity with regard to Lord's claims of excessive force and state law claims of assault, battery, false arrest, and illegal imprisonment.  A qualified immunity analysis requires a court to determine if the defendant's conduct was objectively unreasonable. *Palmer v. Johnson*, 193 F.3d 346, 351 (5th Cir. 1999).  The information Larsen had concerning the warrant affects the reasonableness of his actions in executing that warrant.  Therefore, the fact dispute concerning the warrant application also applies to the claims stemming from the warrant's execution.  The factual dispute is material to all of Lord's claims and fatal to this appeal.[2]  *Johnson*, 515 U.S. at 313.

Having no jurisdiction, we DISMISS the appeal.

The request for sanctions is DENIED.

---

[2]The district court relies on *United States v. Parker*, 722 F.2d 179 (5th Cir. 1983), in deciding that the factual disputes surrounding the warrant application bar summary judgment on Lord's other claims.  At this time, we make no endorsement of such an extension of *Parker*.

3